Form CA 1-A: Notice and Acknowledge for Service by Mail



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SWANSON, RUTHIE MICHELLE
*Plaintiff(s)*

v.

ARNOLD, Ms ARIANA
*Defendant(s)*

Case No: 2017 CA 006494 M

2017 SEP 29 AM 11:27

## NOTICE

To (insert name and address of the party to be served):
ARNOLD, Ms ARIANA
2400 6th Street NW
Office of The General Counsel
WASHINGTON, DC 20059

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 9/27/2017

Norman Barrett
Deputy Clerk

SEP 27 2017

*Signature*                                                               *Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

*Signature*         *Relationship to Defendant/Authority to Receive Service*         *Date of Signature*

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        번역을 원하시면, (202) 879-4828 로 전화주십시요



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

RUTHIE MICHELLE SWANSON
  Vs.                                                C.A. No.     2017 CA 006494 M
Ms ARIANA ARNOLD

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                    Chief Judge Robert E. Morin

Case Assigned to: Judge JENNIFER A DI TORO
Date:  September 25, 2017
Initial Conference: 9:30 am, Friday, December 29, 2017
Location:  Courtroom 518
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

                                                                        CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at htttps://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60



# Superior Court of the District of Columbia
## CIVIL DIVISION
### Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

RUTHIE MICHELLE SWANSON
_____
Plaintiff

vs.

MS. ARIANA ARNOLD
ATTONEY FOR
HOWARD UNIVERSITY
_____
Defendant

Case Number: 17-0006494

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

RUTHIE MICHELLE SWANSON
_____
Name of Plaintiff's Attorney

6042 N. LEE ST UNIT 8D
_____
Address
MORROW, GA 30260
_____

Clerk of the Court

By: _____
Deputy Clerk

Date: 9/25/17

Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RUTHIE MICHELLE SWANSON
6042 N. LEE ST
UNIT 80
MORROW, GA. 30260

**Plaintiff**

vs.

MS. ARIANA ARNOLD
ATTORNEY FOR
HOWARD UNIVERSITY
2400 6th ST. N.W.
OFFICE OF THE GENERAL COUNSEL
WASHINGTON, D.C. 20059

**Defendants**

CIVIL ACTION NO. 17-0006494

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

SEE ATTACHED COMPLAINT

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 5 million dollars with interest and costs.

Phone: 404-735-2658

**DISTRICT OF COLUMBIA, SS**

RUTHIE MICHELLE SWANSON, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

RM Swanson
(Plaintiff / Agent)

Subscribed and sworn to before me this 25th day of ____ 2017.

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

Untitled

**17-0006494**

TO: The Superior Court, Washington, DC.

FROM: Ruthie Michelle Swanson

COMPLAINT

Please be advised that I, Ruthie Michelle Swanson, am suing Ms. Ariana Arnold Attorney for Howard University for the following reasons:
I placed a "Negligence" Case against Howard University in the Superior Court of Washington, DC. in December 2016. Ms Ariana Arnold conspired with the people at the U.S. District Court, who had no jurisdiction over this case, inorder to get the case dismissed. I had an Attorney on my case but was forced to let her go because Ms. Arnold threatened her life if she continued to help me with my cases, causing me to have to go Pro Se on my cases. Ms. Arnold also removed another case from the Superior Court in August 2016. The case was "Abuse of Process", which the U.S. District Court had no jurisdiction over. Ms. Arnold also put in a motion for me to pay for her illegal activities of removing my cases. I am appalled at Ms. Arnold's behavior, because she violated my Civil and Constitutional rights. Howard University caused me to become disabled(See documents attached on "Negligence"). Howard refused to pay Worker's Compensation, even when Judge E. Cooper Brown, who was an Administrative Law Judge, ordered them to pay. I have a witness who will testify what Judge Brown told Howard to do about my Worker's Compensation. I lost my job, my home, my vehicles and became homeless for 6 months until my Disability Benefits kicked in. I had to uproot my family and move to another state where I could afford the rent. I was in a Union and was given a Contract which I signed, saying that I was to get 60% of my salary per month. Howard University only gave me 28% of my pay per month, thereby breaching my Contract. I asked Ms. Arnold and Howard University to have a meeting with me to go over my Union Contract over 50 times and over 50 times they refused, thereby once again violating my Civil and Constitutional Rights.
See the Documents from Howard University's Insurance Company(Prudential) saying that I am to get 60% of my pay, but I only got 28% of my pay. Also, my Union Contract did not expire until June, 2017, but Howard's Insurance Company stopped paying me my disability benefits in February 2017, 4 months before my Contract ended. Ms Arnold wanted to cover up these facts, that's why she conspired to have my cases removed to the U.S. District Court. The Justice Department is looking into Ms. Arnold's criminal behavior.

Ruthie Michelle Swanson
Plaintiff
*RMSwanson*

Page 1





# Johns Hopkins
## Medical Services Corporation

13 July 2004

Re: Ruthie Swanson

To Whom it May Concern:

Ms. Swanson has been a patient in this office since August 2002. When she first presented for care here she was suffering from seronegative rheumatoid arthritis. She was at that time employed as a nurse at Howard University Hospital.

On September 11 2002, Ms. Swanson injured her dominant right hand at work, sustaining a fracture of the third metacarpal when assigned to regular rather than her recommended light duty. This work injury precipitated a prompt flare of her rheumatoid arthritis and a dramatic progressive decline in her clinical status. Ms. Swanson rapidly developed contractures of her right, then left hands. She has been disabled by inability to use her hands since that time.

Ms. Swanson's arthritis has not responded to standard therapies. It is the hope of her current rheumatologist, Dr. Carlos Lazada, that she will derive benefit from Enbrel. Thus far, she has been unable to receive this treatment for financial reasons.

It is my hope as well that Ms. Swanson can receive successful treatment for the disabling rheumatoid arthritis (now seropositive) which was consequent to her work injury. If further documentation will be helpful to her in obtaining care, please let me know.

Yours truly,

RE: Dr. MAX SHERER WAS MY DR. BEFORE I BROKE MY WRIST ON 9/11/02

# MAX G. SHERER, M.D.
**800 Pershing Drive**
**Silver Spring, Maryland 20910**
**301-588-4220**

11/13/02

To: Disability Board
Social Security

Re: Pat of C. Swanson

Mrs. Swanson was involved in an auto accident 1/2/99 and was examined in the ER of Regional Hospital of Laurel. Her car was struck from behind and she sustained trauma to her back, neck and fractured the left 4th rib. Exam revealed neck and back stiffness with tenderness and marked tenderness in left chest over site of 4th rib.

Subsequent exams on 2/9/00 and 5/23/00 revealed continued tenderness in both areas noted above. The patient stated that her discomfort was worse when lifting and turning patients.

The patient was examined again on 8/4/00, 9/3/00, 11/4/00, 1/5/01, 3/6/01, and 6/14/01. ~~She had continued working with a limited ability to lift and turn patients.~~ She continued having physical therapy twice a week. She was examined by Dr. Teibow, an orthopedist, and was placed on Vioxx twice daily with minimal relief. Her back and chest discomfort was only slightly better.

The patient had a left wrist fracture 3 years ago which has caused her persistent pain. The patient had bone density testing at Tanare Diagnostic Imaging on 10/22/02. The report (which is enclosed) states that the findings are consistent with osteoporosis.

Sincerely,

Max G. Sherer

**Prudential**

The Prudential Insurance Company of America
Disability Management Services
PO Box 13480
Philadelphia, PA 19176

Phone: (800) 842-1718 Ext: 87646
Fax: (877) 889-4885
Website: www.prudential.com/mybenefits
Web Access Code: 91853

July 5, 2016

Ruthie Swanson
4281 Ward Bluff Dr
Ellenwood, GA  30294

Claimant: Ruthie Swanson
Claim No.: 10552087
Control No./Br.: 91853 / 00002

Dear Ms. Swanson:

Your Long Term Disability (LTD) claim under Group Policy 91853 issued to Howard University, Inc. was approved and benefits began effective March 11, 2003. Your monthly LTD benefit is 60.00% of your monthly earnings.

Your LTD checks are issued five business days prior to the end of the month.

Your monthly benefits are calculated as follows:

| | |
|---|---|
| Monthly Earnings | $4,218.07 |
| Scheduled LTD Benefit (60.00%) | $2,530.84 |
| Less Any Social Security Benefits | $1349.80 |
| Adjusted Benefit | $1181.04 |

Your LTD benefits are paid on a monthly basis from the first through the last day of the month. If your LTD benefits begin after the first day of the month, your benefit will be prorated for the first month based on the number of days remaining in that month. Your LTD benefits began effective March 11, 2003.

Your Scheduled Benefit is subject to reduction by any applicable deductible sources of income set forth in your employer's Group Policy. An example of a deductible source of income is Social Security Disability Benefits (SSDB). If you have questions about other deductible sources of income, please consult your employee group certificate booklet.

We have determined that, based on the information in your file at this time, you meet the requirements for eligibility for benefits under the definition of disability. Benefits will continue to be paid provided that you continue to meet the group policy requirements including the attached definition of disability but no longer than your maximum duration. The maximum duration for your claim is February 9, 2017.

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Ave., N.W., Rm—JM-170
Washington, D.C. 20001

*Plaintiff*

vs.

Civil Action No. _____

*Defendant*

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____
_____
_____
_____
_____
_____
_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |

Form CV(6)-451/Dec. 91                                                                                   2-0881 wd-155